**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOHN J. STANZ et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:    1:25cv272 (LLA)** |
| | ) | |
| **ISLAMIC REPUBLIC OF IRAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIRD STATUS REPORT REGARDING SERVICE**

On December 1, 2025, the Court ordered Plaintiffs to file an update "on the status of their attempts to serve Defendant" by March 2, 2026. In response, Plaintiffs provide the following updates:

Title 28, Section 1608 prescribes the four steps for obtaining proper service in cases brought pursuant to the Foreign Sovereign Immunities Act. *See* U.S.C. § 1608(a)(1)–(4). Plaintiffs initiated the fourth and final step, diplomatic service, on April 15, 2025. ECF No. 10. The Clerk dispatched two copies of the summons, complaint, and notice of suit, together with a translation of each into the official language of the Islamic Republic of Iran ("Iran"), along with the requisite fee, to the United States Department of State. ECF No. 12.

On February 19, 2026, the State Department filed its return of service affidavit, indicating that Iran was successfully served pursuant to U.S.C. § 1608(a)(4) on December 21, 2025. ECF No. 16. Iran had sixty days to timely respond to the Complaint, which it has failed to do. Therefore, Plaintiffs intend to seek entry of default by the Clerk, followed by the filing of a comprehensive motion for default judgment. Plaintiffs anticipate that they will be prepared to file that motion within approximately thirty days.

Plaintiffs also wish to inform the Court that they recently discovered that Iran was previously held liable for the same August 16, 2009 explosive attack that is the subject of this case. *See Cabrera v. Islamic Republic of Iran*, Case No. 1:18cv2065 (JDB), 2022 WL 2817730, at *18–19 (D.D.C. July 19, 2022). In that case, Iran was held responsible for the death of the driver of the involved vehicle, and for the resulting emotional distress of his family, because Iran's "material support for the Taliban substantially contributed to the Taliban's ability to conduct this attack." *Id.* at *18. Plaintiffs intend to ask this Court to take judicial notice of the evidence submitted in that case, as well as to present their own first-hand testimony and an additional expert report.

Finally, as the Court may be aware, the primary means of recovery in cases brought pursuant to 28 U.S.C. § 1605A are occasional distributions from the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund"). Both the size and frequency of those distributions can vary widely and are, at this time, largely unpredictable. On February 20, 2026, the USVSST Fund announced that the deadline for claimants to be eligible for a potential distribution in 2027 is June 1, 2026. Eligibility for receiving distributions from the USVSST Fund is premised upon having obtained a final civil judgment against a state sponsor of terrorism, such as Iran.

In light of this notification, and in an effort to represent Plaintiffs' interests as fully as possible, Plaintiffs' counsel apprises the Court of this upcoming deadline. Plaintiffs fully appreciate the busy nature of the Court's docket and understand that careful consideration of their forthcoming motion may not be possible within this timeframe. Nonetheless, Plaintiffs truly appreciate any effort that may be made to ensure their eligibility with the USVSST Fund prior to June 1, 2026.

Respectfully submitted,

    /s/ Kevin A. Hoffman
Randy D. Singer (DCD Bar No. VA057)
Kevin A. Hoffman (DC Bar No. 1044559)
Maryam M. Atty (DCD Bar No. VA137)
SINGER HOFFMAN, LLC
1209A Laskin Road
Virginia Beach, VA 23451
Phone: (757) 301-9995
Fax: (757) 233-1084
Email: randy.singer@singerhoffman.com
Email: kevin.hoffman@singerhoffman.com
Email: maryam.atty@singerhoffman.com
*Counsel for Plaintiffs*

3